UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, *et al.*, <br>                      Petitioners, <br><br>        -v- <br><br> AKAL BUILDERS OF NY INC., <br>                      Respondent. | 25-CV-10164 (JPO) <br><br> <u>MEMORANDUM AND ORDER</u> |

J. PAUL OETKEN, District Judge:

Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds, Trustees of the New York City District Council of Carpenters Relief and Charity Fund, and Carpenter Contractor Alliance of Metropolitan New York (collectively, "Petitioners") bring this action against Respondent Akal Builders of NY Inc. ("Akal Builders") to confirm an arbitration award. For the reasons that follow, the Court confirms the arbitration award.

**I.      Background**

Akal Builders signed a Project Labor Agreement Letter of Assent ("LOA") in connection with its work on a public project for the New York City School Construction Authority (the "SCA").  (ECF No. 1 ("Pet.") ¶ 10; ECF No. 1-1 ("LOA").)  Appendix L of the LOA binds Akal Builders to the SCA Project Labor Agreement ("PLA") that was executed on August 25, 2020. (LOA at 1.)  The PLA, which covers designated work for fiscal years 2021 through 2025, requires Akal Builders "to pay timely contributions on behalf of all employees covered by this Agreement to those established jointly trusteed employee benefit funds designated in Schedule

1

'A' (in the appropriate Schedule 'A' amounts)," and binds Akal Builders to "the written terms of the legally established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into." (ECF No. 1-2 Art. 11 § 2(A), (C).) Schedule A of the PLA binds Akal Builders to the Independent Building Construction Agreement (the "CBA"). (Pet. ¶ 13; *see* ECF No. 1-3 ("CBA").) The CBA, which covered the period from July 1, 2017 through June 30, 2024, bound Akal Builders during all relevant times. (Pet. ¶ 13.)

The CBA requires Akal Builders to pay contributions for every hour worked by its employees within the jurisdiction of the New York City District Council of Carpenters to the Petitioners and to furnish its books and payroll records when requested by Petitioners for the purpose of conducting an audit. (CBA Art. XV § 1.) The CBA further binds employers to the documents, policies and regulations adopted by the Petitioners' Trustees. (*Id.* Art. XV § 3.) One such policy governing the collection of employer contributions (the "Collection Policy") provides for the resolution of disputes via arbitration. (ECF No. 1-8 § VI(1).) The Collection Policy designates a panel of arbitrators including Daniel Engelstein. (*Id.* § VI(2).)

The CBA and Collection Policy provide that, should Petitioners be required to arbitrate a dispute or file a lawsuit over unpaid contributions, they shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate plus 2%; (2) an amount equal to the greater of interest on the delinquent contributions or liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorney's fees incurred in collection efforts. (CBA Art. XV § 6; ECF No. 1-8 §§ IV(11), V(4)-(6).)

Petitioners conducted an audit of Akal Builders covering the period from September 25, 2023 through December 29, 2025, which revealed that Akal Builders had failed to remit

2

contributions to Petitioners in the amount of $37,852.60.  (Pet. ¶ 24.)  Petitioners initiated

arbitration before Engelstein, who noticed the arbitration by mailing a Notice of Hearing to Akal

Builders on August 8, 2025.  (*Id.* ¶ 26; ECF No. 1-10.)  Engelstein subsequently held a hearing

on September 3, 2025, and rendered an award (the "Award") in writing on September 8, 2025.

(Pet. ¶ 27.)

The Award concluded that Akal Builders is a party to the Collection Policy, which

permits enforcement through arbitration before a designated arbitrator such as Engelstein.  (ECF

No. 1-11 at 1.)  The Award then laid out the principal damages, as well as interest and liquidated

damages, and further noted that, at the hearing, Akal Builders did not dispute the number of

hours worked by employees for which the required contributions were not paid, the calculation

of the contributions due for those hours, the calculation of interest, or the assessment of the

liquidated damages on those contributions.  (*Id.* at 2.)  The Award also rejected Akal Builders'

objection to the assessment of the auditor's fees, which was claimed at $7,172.00.  (*Id.*)

Ultimately, Engelstein awarded to Petitioners the sum of $58,683.89, consisting of: $37,852.60

in principal; $3,558.46 in interest; $7,570.52 in liquidated damages; $23.10 in promotional fund;

$7.21 in late payment interest; $7,172 in auditor's fees; and $2,500 in attorney's fees and costs.

(*Id.* at 2-3.)  Engelstein further noted that, if Akal Builders failed to pay the amount within ten

business days of the date of the Award, interest at the rate of 9.5% and liquidated damages would

accrue from September 3, 2025 and that, in the event Petitioners sought judicial enforcement of

the Award, the amount of such accrued interest and liquidated damages, as well as the court

filing fee of $405 shall be deemed to be included as part of the Award.  (*Id.* at 3.)

Akal Builders was served with the Award on September 15, 2025.  (Pet. ¶ 30.)  Akal

Builders has not paid any portion of the Award and has not sought to vacate, modify, or correct

any portion of the Award.  (*Id.* ¶¶ 31-32.)  Petitioners subsequently commenced this action on December 8, 2025.  (*See generally id.*)  Petitioners filed their petition alongside a memorandum of law.  (*Id.*; ECF No. 5.)  Akal Builders has not filed an appearance on the docket or responded to the petition.

## II.    Legal Standard

"Enforcement of an arbitration award issued under a collective bargaining agreement 'is governed by section 301 of the [Labor Management Relations Act (the "LMRA")].'"  *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Aces Corp.*, No. 23-CV-9929, 2024 WL 1884701, at *2 (S.D.N.Y. Apr. 30, 2024) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)).  "[R]eview of an arbitration award under the LMRA is . . . very limited."  *Nat'l Football League Mgmt. Council*, 820 F.3d at 536 (quotation marks omitted).  Courts are to "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement," and "[i]t is the arbitrator's construction of the contract and assessment of the facts that are dispositive."  *Id.*

Unanswered petitions to confirm arbitration awards are treated as unopposed motions for summary judgment.  *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  Accordingly, even unopposed petitions can be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "For summary judgment motions involving the confirmation of an arbitration award, the court's ruling must be based on the record, which includes the arbitration agreement and the arbitration award."  *Drywall Tapers & Pointers of Greater New York Loc. Union 1974, Affiliated with Int'l Union of Allied Painters & Allied Trades, AFL-CIO v. Tiger Contracting Corp.*, No.

20-CV-10099, 2021 WL 11651943, at *1 (S.D.N.Y. Apr. 29, 2021) (cleaned up).  Moreover, "as arbitration is ultimately a matter of contract, whether the parties have agreed to arbitrate—that is, assented to such a contract—is a question for the court to decide."  *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 286 (S.D.N.Y. 2025).

## III.    Discussion

### A.    Confirmation of Award

The petition to confirm the Award is granted because the arbitrator did not exceed the scope of his authority.  Akal Builders agreed to the LOA, which bound it to the PLA and subsequently the CBA.  The CBA in turn bound Akal Builders to the Collection Policy, which provided for the resolution of disputes via arbitration before any designated arbitrator, which included Engelstein, the arbitrator here.  (ECF No. 1-8 § VI(1), (2).)  The Second Circuit "ha[s] specifically found that parties were bound to arbitrate under arbitration clauses they never signed, where those clauses were contained in other documents that were incorporated by reference."  *Aceros Prefabricados, S.A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir. 2002).  "Multiple layers of incorporation by reference do not make an arbitration provision unenforceable, even when the contract signed contained no mention of arbitration."  *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Advanced Constr. Equip. Corp.*, No. 25-CV-2640, 2025 WL 2922830, at *4 (S.D.N.Y. Oct. 15, 2025) (citing *Pagaduan v. Carnival Corporation*, 709 F. App'x 713, 716 (2d Cir. 2017)).  Accordingly, Akal Builders had agreed to arbitrate the dispute before Engelstein.  And on the record before this Court, Engelstein did not exceed his authority in determining that Akal Builders breached its obligations to make required contributions and to produce books and records for audits, nor did he exceed his authority in awarding principal, interest, liquidated damages, and various costs.

5

Accordingly, the petition to confirm the Award is granted, as is Petitioners' request for post-judgment interest accruing from the date of judgment until the completion of payment. *See Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Floor Expo, Ltd.*, No. 24-CV-6867, 2025 WL 448646, at *3 (S.D.N.Y. Feb. 7, 2025).

### B.      Attorney's Fees and Costs

An award of attorney's fees is permissible "where 'the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification.'" *Floor Expo, Ltd.*, 2025 WL 448646, at *4 (quoting *First Nat'l Supermarkets, Inc., v. Retail, Wholesale & Chain Store Food Emps. Union, Local 338*, 118 F.3d 893, 898 (2d Cir. 1997)).  An award of reasonable attorney's fees and costs is justified here.  Akal Builders has failed to comply with the Award and has not provided any reason for its failure to do so.  Moreover, the CBA and Collection Policy provide that, should Petitioners be required to arbitrate or to file a lawsuit over unpaid contributions, they shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate plus 2%; (2) an amount equal to the greater of interest on the delinquent contributions or liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorney's fees incurred in collection efforts.  (CBA Art. XV, § 6; ECF No. 1-8 §§ IV (11), V (4)-(6).)

Petitioners seek $2,574.75 in attorney's fees and $495.49 in costs. (ECF No. 12-1 at 5.) They supply contemporaneous timesheets documenting roughly ten hours of work allocated among: a partner at the firm, billed at $430 per hour; an associate attorney at the firm, billed at $325 per hour; and legal assistants at the firm, billed at $163 an hour. (*See generally id.*; Pet. ¶¶ 37-39.)  These rates are reasonable. *NYC Dist. Council of Carpenters Pension Fund v. Quantum Constr.*, No. 06-CV-13150, 2008 WL 5159777, at *13 (S.D.N.Y. Dec. 9, 2008)

6

(awarding $425 per hour for partner time and $300 per hour for associate time in an ERISA delinquent contribution case wherein default judgment was entered); *Floor Expo, Ltd.*, 2025 WL 448646, at *4 (awarding $5,117.50 in attorney's fees in a default ERISA action). The requested costs are likewise reasonable.

## IV.     Conclusion

For the foregoing reasons, the Petitioners' petition to confirm the arbitration award is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of: $58,683.89, plus prejudgment interest calculated at an annual rate of 9.5% from September 3, 2025; $495.49 in costs arising out of this proceeding; $2,574.75 in attorney's fees arising out of this proceeding; and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:  April 22, 2026
        New York, New York

_____
J. PAUL OETKEN
United States District Judge